95 A.3d 174

IN THE MATTER OF CHERYL H. PICKER, AN ATTORNEY AT LAW (ATTORNEY NO. 028791988).

July 28, 2014.

### ORDER

This matter have been duly presented to the Court pursuant to *Rule* 1:20–10(b), following the granting of a motion for discipline by consent in DRB 14–128 of **CHERYL H. PICKER,** formerly of **SOUTH ORANGE,** who was admitted to the bar of this State in 1988, and who has been suspended from the practice of law since April 25, 2013;

And the Office of Attorney Ethics and respondent having signed a stipulation of discipline by consent in which it was agreed that respondent violated *RPC* 1.15(a) (failure to hold funds separate from the lawyer's own property), and *RPC* 8.1(b) (failure to cooperate with disciplinary authorities);

And the parties having agreed that respondent's conduct violated *RPC* 1.15(a) and *RPC* 8.1(b), and that said conduct warrants a reprimanded or lesser discipline;

And the Disciplinary Review Board having determined that a reprimand is the appropriate discipline for respondent's unethical conduct and having granted the motion for discipline by consent in District Docket No. XIV–2013–0090E;

And the Office of Attorney Ethics and respondent having agreed that respondent should be required to produce to the Office of Attorney Ethics the requested books and records required by *Rule* 1:21–6 prior to her application to be reinstated to the practice of law;

And the Disciplinary Review Board having submitted the record of the proceedings to the Clerk of the Supreme Court for the entry of an order of discipline in accordance with *Rule* 1:20–16(e);

And good cause appearing;

It is ORDERED that **CHERYL H. PICKER,** formerly of **SOUTH ORANGE** is hereby reprimanded;  and it is further

ORDERED that prior to any application for reinstatement to practice, respondent shall provide to the Office of Attorney Ethics the requested books and records of her attorney accounts required by *Rule* 1:21–6;  and it is further

ORDERED that respondent continue to be restrained and enjoined from practicing law during the period of her suspension;  and it is further

ORDERED that respondent continue to comply with *Rule* 1:20–20 dealing with suspended attorneys;  and it is further

ORDERED that respondent continue to comply with the requests of the Office of Attorney Ethics to produce her attorney account books and records as provided in *Rule* 1:21–6; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.